**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>DIANA GAMA,<br><br>                    Defendant. | Case Nos. 18-cr-03516-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION REGARDING COMPASSIONATE RELEASE (ECF No. 45)** |

## I.  PROCEDURAL HISTORY

On June 22, 2020, this Court denied Ms. Gama's Motion for Compassionate Release. (ECF No. 43.) In that Order, the Court found Ms. Gama had failed to show "extraordinary and compelling reasons" for her early release. (Id.) In part, the Court reached this conclusion because:

> Ms. Gama's individual circumstances do not support her claim that she is at risk if she contracts the virus. Ms. Gama is in her 30s, not an age that is particularly at risk if infected with the virus. And, although she claims she suffers from hypertension, bi-polar disorder, PTSD, depression, diabetes, and has previously suffered a stroke, she provides no documentation to support these claims.

(*Id.* at 9.)[1] Thus, the Court determined that, without documentation, it was unable to find that she was at risk of severe harm if she contracted the virus.

Furthermore, the Court found that the § 3553(a) factors weighed against granting the Motion. Notably, "this is [Ms. Gama's] third felony conviction for importing drugs into the United States," "her previous sentence of 70 months was inadequate to deter her from smuggling again," and "her likelihood of recidivism [is] high." (ECF No. 43 at 10.)

Less than a month later, Ms. Gama files this Motion for Reconsideration, because there is a COVID-19 outbreak at the facility where she is being housed. (ECF No. 45.) The Court appointed counsel to assist Ms. Gama with her Motion. (ECF No. 46.) The Government, once again, opposes. (ECF No. 48.) Ms. Gama files a reply that includes supplemental information. (ECF No. 55.)

## II. STATEMENT OF FACTS

The Court adopts the facts outlined in the Background section of its previous order denying Compassionate Release. (ECF No. 43.) Notably:

> Ms. Gama's background shows an escalating level of criminal involvement. In March 2010, she was convicted of importing marijuana through the Calexico Port of Entry, for which she received a 30-day sentence. ([PSR] ¶ 34, ECF No. 22.) [¶] Two months later, in May 2010, Ms. Gama was convicted of importing cocaine, for which she received a sentence of 70 months followed by five years of supervised release. (PSR ¶ 35.) While she was on supervised release, on July 13, 2018, she was arrested [in this case] after driving through the Otay Mesa Port of Entry in a car that had 30 packages containing 15 kilograms of methamphetamine hidden throughout the vehicle. (PSR ¶¶ 4–5.)

(ECF No. 43 at 1–2.)

Ms. Gama now supplements her original Motion for Compassionate Release with the following documented medical information. Her medical records reflect

---

[1] The medical maladies she listed in her Probation interview in 2018 are slightly different. She claimed she had asthma, high blood pressure, a thyroid condition, anemia, and high cholesterol as well as depression. (Presentence Report ("PSR") ¶¶ 51–52, ECF No. 22.)

that she is "morbid[ly] obese" with a BMI of 43. (ECF No. 55, Exh. A at 4–5, 201.) She has been diagnosed with asthma and hypothyroidism. (*Id.* at 7, 18.) She also documents psychiatric issues including major depressive disorder. (*Id.* at 23.)

Additionally, the circumstances at Carswell FMC, where Ms. Gama is being held, have deteriorated drastically since her initial Motion for Compassionate Release was filed. Whereas Ms. Gama previously asserted that the facility had at least three confirmed cases of COVID-19, the Bureau of Prisons ("BOP") website now reflects that 540 inmates and 3 staff have tested positive for COVID-19 at Carswell. *See* Federal Bureau of Prisons—COVID-19, https://www.bop.gov/coronavirus (last visited August 20, 2020). Five inmates at that facility have died. *Id.*

Last month, Ms. Gama tested positive for COVID-19. (ECF No. 55, Exh. A at 199–211.) The illness caused headaches, but no cough, fever, chills, or GI symptoms. (*Id.* at 201.) As of August 3, 2020, she is listed as "recovered" from the illness. (*Id.* at 199.)

Based on these additional, new facts, Ms. Gama files a Motion for Reconsideration Regarding Compassionate Release. (ECF No. 45.)

### III.   ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, after she has exhausted her administrative remedies, if "considering the factors set forth in [18 U.S.C.] section 3553(a)" the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is  consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Ng Lap Seng*, F. Supp. 3d __, 2020 WL 2301202, at *7 (S.D.N.Y. 2020). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, __ F. Supp. 3d __, 2020 WL 1673440, at *3 (D. Or. 2020).

The Government does not contest that Ms. Gama has exhausted her

administrative remedies; hence, the Court finds the issue has been waived. *See Ng Lap Seng*, 2020 WL 2301202, at *7 (providing the Government may waive the exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion).

Additionally, the Court now finds that Ms. Gama has established "extraordinary and compelling reasons" for her reduction request. At the very least, the fact that her BMI is 43 puts her at increased risk of severe illness from COVID-19. *See* Centers for Disease Control & Prevention–COVID 19: People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Aug. 14, 2020) (noting individuals who are obese with a BMI of 30 or higher "are at increased risk of severe illness from COVID-19").

And the fact that Ms. Gama is listed as having had the virus and recovered does not preclude her from establishing extraordinary and compelling reasons. Courts have split on the issue of whether an individual who has recovered from COVID-19 can still show extraordinary circumstances. In *United States v. Molley*, No. CR15-0254-JCC, 2020 WL 3498482, at *2 (W.D. Wash. June 29, 2020), the Court found "we do not know to what degree or duration persons are protected against reinfection . . . following recovery from COVID." *Id*. (citing CDC, *Clinical Questions About COVID-19: Questions and Answers*, http://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (then last updated June 4, 2020). "People could be immune from reinfection entirely, partially, or not at all." *Id*. (citing Paul Kellam & Wendy Barclay, *The Dynamics of Humoral Responses Following SARS-Cov-2 Infection and the Potential for Reinfection*, J. Gen. Virology (May 2020), at 1; Erin Garcia de Jesus, *New Data Suggests People Aren't Getting Reinfected with the Coronavirus,* Science News (May 19, 2020), http://www.sciencenews.org/article/coronavirus-COVID-19-reinfection-immune-response; Apoorva Mandavilli, *You May Have Antibodies After Coronavirus*

– 4 –

18cr3516

*Infection But Not For Long*, N.Y. Times, https://www.nytimes.com/2020/06/18/health/coronavirus-antibodies.html (then last updated June 20, 2020)). Thus, the court concluded the possibility that a defendant might get re-infected and, the next time around, suffer more severe consequences, was too speculative to warrant relief. *Id.*

On the other hand, in *United States v. Yellin*, No. 3:15-cr-3181-BTM-1, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020), the court concluded, "while Mr. Yellin's medical record states he recovered from COVID-19, the possibility of reinfection persists." As the court points out in *Yellin*, the medical evidence is still uncertain as to the effect of a recovery on future infection. Ultimately, the court in *Yellin* concluded: "The Court does not presume to have more information than the experts researching this virus. Without scientific conclusions as to whether reinfection is possible or how long COVID-19 immunity lasts, the Court must err on the side of caution to avoid potentially lethal consequences for Mr. Yellin." *Id.*

In this case, the Court is prepared to find that Ms. Gama is still at risk despite being listed as "recovered" two weeks ago. Hence, to the extent the Court previously found that Ms. Gama had failed to establish medical conditions or prison conditions that supported her claim of extraordinary circumstances, the Court finds reconsideration of this position is warranted.

However, the Court still finds that the § 3553(a) factors weigh against granting the Motion. These factors include: (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the seriousness of the offense, (4) the need for deterrence, (5) the need to protect the public from further crimes of the defendant, and (6) avoiding unwarranted disparities among defendants. None of these factors support early release of Ms. Gama.

This is Ms. Gama's third felony drug importation offense. Her previous sentence of 70 months was insufficient to deter her from smuggling increasingly dangerous drugs into the United States. Contrary to the arguments of defense

– 5 –

counsel, the Court finds this demonstrates that Ms. Gama does pose a risk to the public if she is released. Additionally, by statute, importation of 15 kilograms of methamphetamine is subject to a ten-year mandatory minimum sentence. Thus, other similarly situated defendants, particularly those who are repeat offenders, would be subject to at least ten years in custody. Reducing Ms. Gama's sentence would create unwarranted disparities that are not explainable solely by reference to the COVID-19 virus.

## IV.   CONCLUSION

Because § 3582 is still subject to the limitations of § 3553(a) and because the Court finds the § 3553(a) factors still militate in favor of a longer sentence, the Court **DENIES** Ms. Gama's Motion for Reconsideration Regarding Compassionate Release (ECF No. 45).

**IT IS SO ORDERED.**

DATED: August 20, 2020

Hon. Cynthia Bashant
United States District Judge