UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DIANA GAMA,<br><br>　　　　　　　　　　Defendant. | Case No. 18-cr-03516-BAS-1<br><br>**ORDER DENYING MOTION TO CORRECT SENTENCE**<br>**(ECF No. 62)** |

　　　　The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

　　　　In addition, Part A of these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment).  The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant files a Motion to Correct Sentence Based on Retroactive Criminal History Category under U.S.S.G. § 1B1.10. (ECF No. 62.) Under General Order 755, the Court referred the case to Federal Defenders to work with the Government to determine whether a joint recommendation for modification of sentence was appropriate. (ECF No. 63.) Federal Defenders has now filed a Status Report concluding "the Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 65.)

A review of Defendant's record shows the guideline amendments do not change the calculation of Defendant's guideline range. She is not a zero-point offender. In addition, even without the two points added for a status offense, Defendant's criminal history category is still a III.

Defendant had four criminal history points at the time her guideline range was calculated. (Presentence Report ¶ 36, ECF No. 22.) Although two points were added under the prior U.S.S.G. § 4A1.1(d), this addition only brought her criminal history points to six. Criminal history points of four to six all result in a criminal history category of III. Therefore, the amended guidelines do not change the calculation of Defendant's sentencing guideline range.

Hence, the Motion to Correct Sentence (ECF No. 62) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 16, 2024**

Hon. Cynthia Bashant
United States District Judge